DAYLE ELIESON
United States Attorney
District of Nevada

TROY K. FLAKE
Assistant United States Attorney
LUIS A. GARCIA
Special Assistant United States Attorney
    350 South Figueroa Street, Suite 370
    Los Angeles, California 90071-1202
    Telephone: (213) 894-2681
    Facsimile: (213) 894-2064
    E-mail: garcia.luis.a@dol.gov

*Attorneys for the United States.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Petitioner,<br><br>v.<br><br>LOCAL 872, LABORERS INTERNATIONAL UNION OF NORTH AMERICA,<br><br>Respondent. | Case No.: 2:18-cv-01185<br><br>**SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM* ISSUED BY THE OFFICE OF LABOR MANAGEMENT STANDARDS, U.S. DEPARTMENT OF LABOR** |

R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Petitioner" or "Secretary"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. The Secretary brings this Petition against Respondent Local 872, Laborers International Union of North America ("Local 872") to enforce an administrative subpoena *duces tecum* ("Subpoena") served on Local 872, on May 16, 2018, by the Office of Labor-Management Standards, U.S. Department of Labor ("OLMS" or "Agency"). The Subpoena was issued in the course of the Agency's investigation

conducted under Section 601 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 521 ( "LMRDA") of four union member administrative complaints protesting the nomination process for Local 872's May 31, 2018 unsupervised election of officers.

## JURISDICTION AND VENUE

2. Local 872 is a "labor organization" within the meaning of Sections 3(i) and (j) of the LMRDA, 29 U.S.C. § 402(i) and (j).  Local 872 is subject to the coverage of the LMRDA under Sections 3(d) and 601(a) of the LMRDA, 29 U.S.C. §§ 402(d) and 521(a).  Local 872's principal place of business is 2345 Red Rock Street, Las Vegas, Nevada  89146.

3. The Court has subject matter jurisdiction over this Petition under Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50, which applies to the LMRDA under Section 601(b) of the LMRDA, 29 U.S.C. § 521(b), 29 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1345 (United States as plaintiff).

4.  Venue is proper under 15 U.S.C. § 49 because OLMS is conducting an investigation of Local 872 within this judicial district.

## THE INVESTIGATION AND SUBPOENA

5. Between May 15-17, 2018, OLMS received four Local 872 member complaints under Section 402 of the LMRDA, 29 U.S.C. § 482, protesting the election process for Local 872's May 31, 2018 election of officers.  The complaints alleged failure to provide proper notice of nominations, failure to provide reasonable opportunity to nominate, disparate candidate treatment, failure to follow Local 872's Constitution and Bylaws, and unreasonable and improperly applied candidate qualification.  Thereafter, OLMS, through its district office in Los Angeles, California, initiated an investigation of Local 872 under Sections 402 and 601 of the LMRDA, 29 U.S.C. §§ 482 and 521.  The investigation seeks to determine based on the allegations raised whether any person associated with Local 872 violated or is violating any provisions of the LMRDA.

6. In the course of its investigation, OLMS sought to obtain relevant documents and records and obtain background information about Local 872 and its nominations process relating to Local 872's May 31, 2018 election of officers, which information Local 872 is required to maintain under Section 401 of the LMRDA, 29 U.S.C. § 481.

7. Under Section 601 of the LMRDA, 29 U.S.C. § 521, the Secretary or his designated officer is authorized to sign subpoenas, administer oaths and affirmations, question witnesses, and inspect/receive records and evidence. The Secretary has delegated authority to sign and issue administrative subpoenas to Regional Directors and District Directors in OLMS.

8. As part of the investigation, on May 16, 2018, OLMS served the Subpoena, by personal delivery on Thomas White, Local 872's Business Manager/Secretary-Treasurer, seeking the documents and records described in the Subpoena relating to Local 872's nomination process for its unsupervised election of officers scheduled to be held on May 31, 2018. OLMS also requested interviews of Local 872 union officials.

9. The Subpoena required Local 872 to produce responsive documents and records by May 23, 2018. Because the statute of limitations for bringing an action under the LMRDA in U.S. district court is 60 days after a union member files a complaint with the Agency, under Section 402 of the LMRDA, 29 U.S.C. § 482, return dates for administrative subpoenas issued by OLMS under the LMRDA are expedited.

10. Commencing on May 21, 2018, Local 872, through its counsel, David A. Rosenfeld, has refused to comply with the Subpoena or produce union official for interview by OLMS objecting to the Agency's jurisdiction to investigate the members' pre-election protests of the nomination process for Local 872's May 31, 2018 election.

11. Between June 1, 2018 and June 26, 2018, the Secretary and Local 872 attempted to reach an out-of-court resolution, but Local 872 was unwilling to produce the documents and records requested by the Subpoena or present Local 872 union officials for interview by OLMS.

## RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA

12. To date, Local 872 has refused to comply with the Subpoena or present Local 872 union officials for interview by OLMS.

13. Local 872's failure to comply with the Subpoena or present Local 872 union officials for interview by OLMS has impeded and is impeding the Secretary's investigation, Sections 402 and 601 of the LMRDA, 29 U.S.C. §§ 482 and 521, of the Local 872 member administrative complaints protesting the nomination process for Local 872's May 31, 2018 election of officers.

14. Commencing on June 1, 2018, despite repeated requests by the Secretary, Local 872 has not agreed to execute a waiver of the statute of limitations in order to allow the parties' sufficient time to resolve their dispute regarding the documents requested by the Subpoena or present Local 872 union officials for interview by OLMS.

## PRAYER FOR RELIEF

**WHEREFORE**, the Secretary prays this Court enter an Order to Show Cause requiring Local 872 to appear on a date certain to explain why it should not be required to produce the documents and records requested by the Subpoena, and order such other and further relief as may be necessary and appropriate. Further, because Local 872's failure to comply with the Subpoena has impeded the Secretary's investigation, the Secretary seeks an order tolling the statute of limitations on the Secretary's potential claims against Local 872 from May 16, 2018, the date Local 872 was served with the Subpoena, until full compliance by Local 872.

Dated: June 29, 2018.                    Respectfully submitted.

DAYLE ELIESON
United States Attorney

TROY K. FLAKE
Assistant United States Attorney

/s/ *Luis A. Garcia*
LUIS A, GARCIA
Special Assistant United States Attorney
Attorneys for Petitioner
Secretary of Labor, U.S. Department of Labor

4